**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF HENRY BUETTNER, JR., AS OWNER OF A 2000 27' GRADY WHITE, HIN NTLSL548B000, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. _____ |

**COMPLAINT IN ADMIRALTY
FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW COMES the Limitation Plaintiff Henry Buettner, Jr. (hereinafter, the "Limitation Plaintiff"), as the owner of a 2000 27' Grady White (Hull Identification Number: NTLSL548B000) (hereinafter, the "Limitation Vessel"), by counsel, in this action for exoneration from or limitation of liability arising from a severe storm that occurred on or about October 29, 2021, causing the Limitation Vessel to be carried away from its berth on a boatlift over the waters of the Yeocomico River in Kinsale, Virginia (hereinafter, the "Incident"), and alleges as follows:

**Jurisdiction and Venue**

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure, as the Limitation Vessel has not been attached or arrested under the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the remnants of the Limitation Vessel are within the district.

3. The Incident occurred on October 29, 2021 and, therefore, there are no written notices of potential claims made more than six months prior to the filing of this Complaint.

### The Limitation Plaintiff and the Limitation Vessel

4. At all material times, the Limitation Plaintiff was and is a Virginia resident, with his principal residence in Winchester, Virginia and a vacation home in Kinsale, Virginia.

5. The Limitation Vessel is a 2000 27' Grady White (Hull Identification Number: NTLSL548B000), purchased by the Limitation Plaintiff in or around October of 2020.

6. At all material times, the Limitation Plaintiff was the sole owner of the Limitation Vessel.

7. The Incident effectively destroyed the Limitation Vessel.

8. Following the Incident, what remained of the Limitation Vessel was hauled from the water and disposed of within this District, in the Middle Peninsula Landfill, in the town of Glenns, in Gloucester County, Virginia.

### The Incident

9. On October 29, 2021, the Limitation Vessel was secured in its regular berth on a raised boat lift on a dock behind the Limitation Plaintiff's vacation home on the Yeocomico River.

10. On October 29, 2021, an uncharacteristically violent storm struck the Upper Chesapeake Bay and Northern Neck of Virginia, causing a severe storm surge and bringing heavy rain and damaging winds to the area, including the Yeocomico River shoreline in and near Kinsale, Virginia (hereinafter, the "Storm").

11. At some point during the Storm, the overwhelming natural forces presented by the Storm began to break up the dock on which the Limitation Vessel was berthed in its boat lift, and eventually caused the unmanned Limitation Vessel to break free from her mooring on the lift and be carried away by the Storm's wind and waves until she eventually came to rest along the shoreline of a nearby property on the Yeocomico River (hereinafter, the "Incident").

12. At least one of the Limitation Plaintiff's neighboring property owners along the shoreline of the Yeocomico River has alleged that the Limitation Vessel destroyed his pier and did other damage to the waterfront structures and fixtures associated with his property.

13. Prior to the Storm's arrival, the Limitation Plaintiff exercised proper diligence in seeing to it that the Limitation Vessel was securely moored.

14. The estimated value of the Limitation Vessel, following the Incident, is estimated to be zero dollars ($0.00) (U.S.)—the Storm rendered the Limitation Vessel a total wreck with no real remaining value of any kind—and the remnants, debris, and strippings from the Limitation Vessel are equally valueless. An affidavit from John Middleton concerning the fair market value of the Limitation Vessel after the Incident is attached to this Petition as its **Exhibit 1**.

15. The Limitation Vessel had no pending freight at the time of the Incident.

16. The waters of the Yeocomico River, connect, in an unimpeded fashion, to the Potomac River, and the Potomac River itself connects, unimpeded, to the Chesapeake Bay. As a result, the waters of the Yeocomico River are a navigable waterway of the United States subject to federal admiralty jurisdiction.

17. The Incident, which occurred on the navigable waterways of the United States, had the potential to have a disruptive impact on maritime commerce because unmanned vessels breaking free from their moorings and drifting, unguided, on those same waters have the ability to

cause significant property damage and personal injuries, and to obstruct or otherwise hinder the safe navigation of other vessels on those waterways.

## **Limitation Plaintiff's Claim for Exoneration or Limitation**

18. The Limitation Plaintiff files this claim for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501-30512.

19. Subject to an appraisal of his interest in the Limitation Vessel, the Limitation Plaintiff herewith deposits with the Court, as security for the benefits of claimants, an *Ad Interim* Stipulation for Value for zero dollars ($0.00) (U.S.).

20. The Limitation Plaintiff is depositing with the Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of one thousand and 00/100 dollars ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

21. At all material times prior to the Incident, the Limitation Vessel was sound, seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose.

22. The Incident was occasioned and occurred without the Limitation Plaintiff's privity or knowledge.

23. The Limitation Plaintiff claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any loss or injury arising out of the Storm or the Incident.

24. The Incident and all injuries or damages caused thereby or otherwise incurred during or arising from the Storm or Incident were not due to any fault, negligence, or lack of due

care on the part of the Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel. Instead, any injuries, losses, or damages incurred during or arising from the Storm or Incident were due solely to and caused solely by an Act of God.

25. The Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned by, incurred during, or arising from the Storm or Incident and has valid defenses thereto based upon the facts and law.

26. Although filing the *Ad Interim* Stipulation for Value herein, the Limitation Plaintiff expressly denies that he or the Limitation Vessel is liable for any loss or damage. The Limitation Plaintiff hereby claims and reserves the right to contest in this, or any other court, any claim of liability against either himself or the Limitation Vessel.

WHEREFORE, Limitation Plaintiff Henry Buettner, Jr. prays that this Honorable Court will:

1. Enter an Order approving the above-described *Ad Interim* Stipulation for security, in the amount of zero dollars ($0.00) (U.S.), and the Stipulation for Costs in the amount of one thousand and 00/100 dollars ($1,000.00) (U.S.);

2. Issue a notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for the Limitation Plaintiff a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

3. Issue an injunction restraining and enjoining the prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in

any jurisdiction against the Limitation Plaintiff as aforesaid or against the Limitation Vessel or against any other property of the Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during the Storm or Incident;

4. Enter judgment in favor of the Limitation Plaintiff exonerating him from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the Storm or Incident;

5. If the Limitation Plaintiff shall be judged liable and if he is found to have any interest remaining in the Limitation Vessel, limit his liability to the value of such interest;

6. Afford to the Limitation Plaintiff such other and further relief as the Court deems just and proper.

Dated:  March 1, 2022

Respectfully submitted,

HENRY BUETTNER, JR.

By:  */s/ Christopher A. Abel*
Christopher A. Abel
VSB No. 31821
Heather R. Pearson
VSB No. 97157
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:  757.628.5500
Facsimile:   757.628.5566
cabel@wilsav.com
hpearson@wilsav.com

*Counsel for Limitation Plaintiff Henry Buettner, Jr.*